**Steve D. Larson**, OSB No. 863540
**Cody Berne**, OSB No. 142797
**Lydia Anderson-Dana**, OSB No. 166167
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:    slarson@stollberne.com
cberne@stollberne.com
landersondana@stollberne.com

*Local Counsel for Plaintiff Frederick Ullom*

[Additional counsel to appear on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FREDERICK ULLOM, Individually And On Behalf Of A Class Of Similarly Situated Individuals,<br><br>     Plaintiff,<br><br> v.<br><br><br><br>DIGIMARC CORPORATION, RILEY MCCORMACK, and CHARLES BECK,<br><br>     Defendants. | Case No.: 3:25-cv-00779-JR<br><br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FREDERICK ULLOM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL** |

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ............................................................................... 1

II.  SUMMARY OF THE ALLEGATIONS ....................................................................... 2

III.  ARGUMENT .................................................................................................. 3

    A.  Movant Is The "Most Adequate Plaintiff" And Should Be Appointed To Serve As Lead Plaintiff .................................................................................................. 3

        1.  Movant Has Met the Procedural Requirements of the PSLRA .................. 4

        2.  Movant Has the Largest Financial Interest ................................................. 5

        3.  Movant Satisfies the Requirements of Rule 23 .......................................... 5

            a.  Movant's Claims are Typical of the Class .................................... 6

            b.  Movant Will Fairly and Adequately Represent the Interests of the Class .......................................................................................... 6

    B.  The Court Should Approve Movant's Choice Of Counsel .................................... 7

IV.  CONCLUSION ................................................................................................ 8

MEMORANDUM OF LAW IN SUPPORT OF MOTION

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002)................................................................................... 4, 5, 6, 7

*In re Cendant Corp. Litig.,*
  264 F.3d 201 (3rd Cir. 2001)................................................................................... 7

*In re Nike, Inc. Sec. Litig.,*
  2024 WL 4579499 (D. Or. 2024)............................................................................ 4

*Murphy v. Precision Castparts Corp.,*
  2018 WL 3151426 (D. Or. June 27, 2018)............................................................ 6

*Stanton v. Boeing Co.,*
  327 F.3d 938 (9th Cir. 2003)................................................................................... 6

**Statutes**

15 U.S.C. § 78u-4(a)(3) ............................................................................................. 1

15 U.S.C. § 78u-4(a)(3)(A)(i) .................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................ 3

15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................ 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)............................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ...................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................... 7

15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I) ............................................................................. 1

MEMORANDUM OF LAW IN SUPPORT OF MOTION

Frederick Ullom (hereinafter, "Movant") respectfully submits this Memorandum Of Law in support of his motion pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (hereinafter, the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 (hereinafter, the "PSLRA"), for an order: (1) appointing Frederick Ullom to serve as Lead Plaintiff in this lawsuit against Digimarc Corporation (hereinafter, "Digimarc" or the "Company"), Riley McCormack, and Charles Beck (collectively, "Defendants"); (2) approving his selection of The Schall Law Firm (hereinafter, "SLF") as Lead Counsel for the Class and Stoll Stoll Berne Lokting & Shlachter P.C. ("Stoll Berne") as Local Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned federal securities class action (hereinafter, the "Action"), brought on behalf of persons or entities who purchased or otherwise acquired Digimarc securities between May 3, 2024 and February 26, 2025 (hereinafter, the "Class Period"). The Action asserts claims under Sections 10(b) and 20(a) of the Exchange Act against the Defendants.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Fed. R. Civ. P. 23; *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I). Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this Action. As set forth in more detail below, Movant has a significant financial interest in the relief sought in this

Action, having purchased 5,000 shares of Digimarc common stock during the Class Period, for total expenditures of $146,416.65, and sustained losses of approximately $79,606 under a last in, first out ("LIFO") analysis from his investments in Digimarc securities during the Class Period.[1]

Moreover, in addition to asserting the largest financial interest in this litigation, Movant readily satisfies the relevant requirements of Rule 23 because his claims are typical of all other members of the Class, and he will fairly and adequately represent the Class. Movant, a resident of Pima County, Arizona, is a seasoned retail investor with over 50 years of experience in managing his own investment portfolio. Declaration of Brian J. Schall in Support of the Motion of Frederick Ullom for Appointment as Lead Plaintiff and Approval of His Selection of Counsel, Ex. B (hereinafter, the "Schall Decl."). In addition, Movant has further demonstrated his adequacy by selecting and retaining The Schall Firm, a law firm with significant experience in prosecuting securities fraud class actions such as this, to serve as Lead Counsel for the Class. Movant and his counsel have also selected Stoll Berne to serve as Local Counsel to Movant and the Class.

Accordingly, Movant respectfully requests that the Court appoint him to serve as Lead Plaintiff and approve his selections of SLF as Lead Counsel and Stoll Berne as Local Counsel.

## II.    SUMMARY OF THE ALLEGATIONS

Defendant Digimarc is a digital watermarking company, whose technology is used for identifying authenticating physical and digital goods. ¶ 2.[2] The Company's common stock trades on the NASDAQ Exchange under the ticker symbol "DMRC." ¶ 12.

---

[1] *See* Schall Decl. (*infra*), filed concurrently herewith, at Exhibits B, C.
[2] All references to the "Complaint" are to the Class Action Complaint for Violations of the Federal Securities Laws, filed on May 8, 2025 (ECF No. 1), which is hereafter cited as "¶__" or "¶¶__".

The Complaint alleges that, during the Class Period, Defendants misled investors and thereby artificially inflated the price of Digimarc's securities by publicly issuing false and/or misleading statements and/or omitting to disclose material facts concerning Digimarc's business, operations, and prospects necessary to make Defendants' statements not misleading. Specifically, the Complaint alleges that Defendants "failed to disclose to investors: (1) that a large commercial partner would, or was at significant risk to, not renew a large contract on the same terms; (2) that, as a result, Digimarc would renegotiate the large commercial contract; (3) that, as a result of the foregoing, the Company's subscription revenue and annual recurring revenue would be adversely affected; (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading or lacked a reasonable basis." ¶ 23.

The Complaint further alleges that the truth about Defendants' misleading statements and/or omissions was revealed to the market when Digimarc reported its financial results for the fourth quarter and fiscal year 2024 on February 26, 2025, after the close of trading. As the truth was revealed, the Company's stock price fell and damaged Digimarc's investors; Digimarc's stock price eventually closed at $15.39 per share on February 27, 2025. ¶ 25.

## III.    ARGUMENT

### A. Movant is the "Most Adequate Plaintiff" and Should be Appointed to Serve as Lead Plaintiff

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). First, within twenty days of filing a class action, the filing plaintiff must publish a notice advising putative class members of the pendency of the action, the claims asserted, the purported class period, and their right to move

the court for appointment as lead plaintiff of the purported class within sixty days after publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA directs courts to consider all motions to serve as lead plaintiff filed by putative class members in response to the published notice. 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court shall appoint the presumptively most adequate plaintiff to serve as lead plaintiff; a rebuttable presumption exists that the "most adequate plaintiff" is the movant who "has the largest financial interest in the relief sought by the class," while also satisfying the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002). This presumption may be rebutted only upon "proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Nike, Inc. Securities Litigation* 2024 WL 4579499 (D. Or. 2024), at *1. As set forth herein, Movant satisfies the foregoing criteria and is thus entitled to the presumption that he is the "most adequate plaintiff" to represent the Class and should therefore be appointed Lead Plaintiff in this Action.

### 1. Movant Has Met the Procedural Requirements of the PSLRA

On May 9, 2025, counsel in this Action published a notice using Business Wire (the "Notice") pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), announcing that a securities class action had been filed against Defendants and advising investors in Digimarc securities that they had 60 days (until July 7, 2025) to move for appointment as Lead Plaintiff. *See* Schall Decl. Ex. D.

Movant has timely filed the instant motion within the 60-day deadline pursuant to the Notice and has attached a Certification attesting that he is willing to serve as a class

representative for the Class and provide testimony at depositions and trial, if necessary. *See* Schall Decl. Ex. A. Accordingly, Movant has satisfied the first procedural requirement to serve as Lead Plaintiff for the Class.

### 2.    Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Although the PSLRA does not define the term "largest financial interest," most courts apply the presumption to whichever potential lead plaintiff has suffered the largest total loss. *In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002).

During the Class Period, Movant (i) purchased 5,000 shares of Digimarc common stock, (ii) expended net funds of $146,416.65 in connection with those purchases, and (iii) sustained losses of approximately $79,606 under a last in, first out ("LIFO") analysis from his investments in Digimarc securities during the Class Period. *See* Schall Decl. Ex. C. Movant is not aware of any other investor who intends to file a motion for appointment as Lead Plaintiff in this action that has suffered larger losses. Accordingly, Movant believes that he has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is therefore entitled to the presumption of being the "most adequate plaintiff."

### 3.    Movant Satisfies the Requirements of Rule 23

The PSLRA requires that the movant with the largest financial interest must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the lead plaintiff need only make "a prima facie showing of typicality and adequacy" and the Court's findings on these requirements need only be

preliminary. *In re Cavanaugh.*, 306 F.3d 726, 730 (9ᵗʰ Cir. 2002) (internal citations omitted).

### a.  Movant's Claims are Typical of the Class

The burden in proving typicality requires that Movant's and Class members' claims arise from the same events or course of conduct and "are based on the same legal theory." *Murphy v. Precision Castparts Corp.,* 2018 WL 3151426, at *3 (D. Or. June 27, 2018). Movant's claims are typical of those of other Class members because, like all other Class members, he: (1) purchased Digimarc common stock during the Class Period; (2) at artificially inflated prices caused by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth of Defendants' misconduct was revealed. *Id.* (finding typicality requirement satisfied where there was no dispute that plaintiff's claims were based on same legal theories and arose from same events and course of conduct giving rise to claims of other Class members). Accordingly, since Movant's claims arise out of the same set operative facts and are based on the same legal theories as those of other Class members, the typicality requirement is satisfied.

### b.  Movant Will Fairly and Adequately Represent the Interests of the Class

The adequacy requirement is met if the Lead Plaintiff will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet the adequacy requirement, a Lead Plaintiff and proposed Lead Counsel must demonstrate that they do not "have any conflicts of interest with other class members," and that they will "prosecute the action vigorously on behalf of the class." *Stanton v. Boeing Co.,* 327 F.3d 938, 957 (9ᵗʰ Cir. 2003). Movant's interests are perfectly aligned with the other members of the Class and are not antagonistic in any way. Indeed, Movant has the same interest as all members of the Class: to maximize the recovery

from the Defendants. Movant has submitted a Certification declaring his commitment to protect the interests of the Class. *See* Schall Decl. Ex. A. There are no facts that indicate any conflicts of interest between Movant and the other Class members. Further, because of Movant's substantial financial stake in the litigation, Class members can be assured that he has the incentive to vigorously represent their interests.

Additionally, Movant has demonstrated his adequacy through his selection of SLF as Lead Counsel for the proposed class. As discussed more fully below, SLF is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex class action litigation effectively and in a professional manner. Therefore, Movant meets the Rule 23 adequacy requirement.

Taken together, Movant meets the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### B.  The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *In re Cavanaugh,* 306 F.3d 726, 732-733 (9th Cir. 2002); *citing to, In re Cendant Corp. Litigation,* 264 F.3d 201, 266 (3rd Cir. 2001).

Movant has selected SLF to serve as Lead Counsel for the proposed Class, and Stoll Bern as local counsel. The Schall Law Firm has previously been appointed co-lead counsel numerous times and has recovered hundreds of millions of dollars for shareholders harmed by securities

fraud and corporate malfeasance. *See, e.g., Bergman v. Caribou Biosciences, Inc.,* No. 23-cv-01742, ECF No. 99 (N.D. Cal). *See,* Schall Decl., Ex. E (The Schall Law Firm Résumé). Accordingly, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Based upon Schall Firm's experience and track record as counsel in securities class actions, Movant's selection of lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of SLF to serve as Lead Counsel for the putative/proposed Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: July 7, 2025                    Respectfully submitted,

THE SCHALL LAW FIRM

By: *s/ Brian J. Schall*
Brian J. Schall, *pro hac vice*
Andrew J. Brown, *pro hac vice*
William M. Brody, *pro have vice forthcoming*
Adam L. Rosen, *pro hac vice*
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com
andrew@schallfirm.com
adam@schallfirm.com

*Counsel for [Proposed] Lead Plaintiff Frederick Ullom*

STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.
Steve D. Larson, OSB No. 863540
Cody Berne, OSB No. 142797
Lydia Anderson-Dana, OSB No. 166167
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile:  (502) 227-6840
Email: cberne@stollberne.com
         landersondana@stollberne.com


*Local Counsel for [Proposed] Lead Plaintiff*
*Frederick Ullom*

MEMORANDUM OF LAW IN SUPPORT OF MOTION

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Brian J. Schall*
Brian J. Schall

MEMORANDUM OF LAW IN SUPPORT OF MOTION