**AMAN LAW, LLC**
DAVID S. AMAN
14705 SW Millikan Way
Beaverton, Oregon 97003
Telephone: 503.810.0850
david@amanlawpdx.com

*Local Counsel*

**JOHNSON FISTEL, PLLP**
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470.632.6000
michaelf@johnsonfistel.com

(Additional Counsel Listed on Signature Page)

*Proposed Lead Counsel and Counsel for Movant*
*Diamond Head Capital International Fund, L.P.*


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| FREDERICK ULLOM, individually and on behalf of a class of similarly situated individuals,<br><br>       Plaintiff,<br><br>v.<br><br>DIGIMARC CORPORATION, RILEY MCCORMACK, and CHARLES BECK,<br><br>       Defendant(s). | Case No. 3:25-cv-00779<br><br>**MOVANT DIAMOND HEAD CAPITAL INTERNATIONAL FUND, L.P.'s MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND MEMORANDUM IN SUPPORT THEREOF** |

**LR 7-1 CERTIFICATION**

Counsel for lead plaintiff movant Diamond Head Capital International Fund, L.P. ("Movant" or "Diamond Head Capital") is aware of this Court's rule requiring that parties' counsel make a good faith effort through personal or telephone conferences to resolve the dispute. This motion, however, is made pursuant to the Private Securities Litigation Reform Act ("PSLRA"), which requires any class member, regardless of whether they filed a complaint, to file a lead plaintiff motion no later than 60 days after publication of notice. *See* 15 U.S.C. § 78u-4(a)(3)(A). The lead plaintiff notice was published when the instant action was filed on May 9, 2025, and all motions are statutorily due by July 7, 2025. In this limited circumstance, Movant's counsel respectfully requests a waiver of the conferral requirement.

**MOTION**

Pursuant to the lead plaintiff provisions of the PSLRA, 15 U.S.C. § 78u-4(a)(3), Movant hereby moves this Court for an Order: (1) appointing Movant as Lead Plaintiff in the above-captioned action; (2) approving Movant's selection of Johnson Fistel, PLLP ("Johnson Fistel") as Lead Counsel for the putative class (the "Class"); and (3) granting such other and further relief as the Court may deem just and proper.

Movant's motion is based on this motion and memorandum of points and authorities in support thereof, the Declaration of David Aman in Support of Diamond Head Capital International Fund, L.P.'s Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel ("Aman Decl."), the pleadings on file in this action, any oral argument, and such other matters as the Court may consider.

Movant's motion for appointment as Lead Plaintiff is made on the grounds that Movant believes that it is the "most adequate plaintiff" as defined in the PSLRA because it has the largest

known financial interest in the relief sought by the Class and incurred substantial losses as a result of its purchase of shares of Digimarc Corporation ("Digimarc" or the "Company"). Further, Movant satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). Movant's motion for appointment of Lead Counsel is made on the grounds that, as described below and detailed on Johnson Fistel's website, the firm is extremely qualified and will provide Movant and the putative Class the highest caliber of legal representation.

## MEMORANDUM IN SUPPORT

## I.    PRELIMINARY STATEMENT

This case is a federal securities class action brought on behalf of all persons and entities that purchased or otherwise acquired Digimarc securities between May 3, 2024 and February 26, 2025, inclusive (the "Class Period"). Plaintiff charges Digimarc and its Chief Executive Officer and Chief Financial Officer with violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder. As such, the case is governed by the PSLRA.

The PSLRA requires district courts appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u–4(a)(3)(B)(i). In that regard, the Court must determine which member of the putative "Class" who brought a timely motion has the "largest financial interest" in the relief sought by the Class, and also whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). Here, movant Diamond Head Capital, a sophisticated institutional investor, should be appointed Lead Plaintiff because it: (1) timely filed this motion; (2) has the largest financial interest in the outcome of this litigation of any known applicant; and (3) is typical and will adequately represent the Class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The PSLRA also vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  Because Johnson Fistel is a leading securities class action law firm and has earned a reputation for excellence in shareholder litigation, the Court should approve Diamond Head Capital's choice of the firm to serve as Lead Counsel.

## II.    SUMMARY OF THE COMPLAINT[1]

Digimarc is a digital watermarking technology company.  ¶¶2, 16.  The Company's digital watermarking technology is deployed in the identification and the authentication of physical and digital items, often at large scale.  *Id.*  For example, in 2019 Digimarc launched a series of invisible barcodes, in partnership with Walmart, for use during the self-checkout process.  *Id.*

Plaintiff Ullom alleges, among other things, that during the Class Period defendants knowingly or recklessly made materially false and misleading statements, as well as failed to disclose material adverse facts about Digimarc's business, operations, and prospects.  ¶5. Specifically, defendants failed to disclose to investors: (1) that a large commercial partner would not renew a large contract on the same terms; (2) that, as a result, Digimarc would renegotiate the large commercial contract; (3) that, as a result of the foregoing, the Company's subscription revenue and annual recurring revenue would be adversely affected; and (4) that, as a result of the foregoing, defendants' positive statements about the Company's business, operations, and prospects were materially misleading or lacked a reasonable basis.  ¶¶5, 17–23.

On February 26, 2025, after the close of trading, Digimarc announced its financial results for the fourth quarter and full year of 2024, which revealed the impact of its previous false and misleading statements.  ¶24.  The Company reported that subscription revenue for the quarter declined by 10%, falling to $5.0 million from $5.6 million during the same period the previous

---

[1] "¶_" references paragraphs in the *Ullom* complaint.  *See* ECF No. 1.

year.  *Id.*  Additionally, annual recurring revenue (ARR) dropped to $20.0 million, compared to $22.3 million a year earlier.  *Id.*  According to the Company, these decreases "primarily reflect[ed] a $5.8 million decrease in ARR due to the expiration of a commercial contract in June 2024."  ¶¶3, 24.  On this news, Digimarc's stock price fell $11.65 per share, or 43%, to close at $15.39 per share on February 27, 2025, thereby damaging investors.  ¶¶4, 6, 25.

## III.    ARGUMENT

### A.    DIAMOND HEAD CAPITAL SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA establishes the procedure for the appointment of a lead plaintiff.  First, "[n]ot later than twenty (20) days" after the initial complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than sixty (60) days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the movant that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately

protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Diamond Head Capital meets each of these requirements and should be appointed Lead Plaintiff and permitted to select Lead Counsel for the Class, subject to Court approval.

### 1.    Diamond Head Capital's Motion is Timely

Diamond Head Capital filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u–4(a)(3)(A)(i), on May 9, 2025, counsel for plaintiff in this action caused notice regarding the pendency of this case to be published on *Business Wire*, a widely circulated, national, business-oriented news reporting service.  *See* Aman Decl., **Exhibit A** (initial PSLRA Notice).  Thus, as permitted by the PSLRA, any person may apply to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before July 7, 2025.  Diamond Head Capital filed its motion within the required period and has thus satisfied the procedural requirements of the PSLRA.

### 2.    Diamond Head Capital Has the Largest Financial Interest in the Relief Sought

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of [Rule 23]."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Diamond Head Capital suffered approximately $140,000 in estimated PSLRA losses from its purchases of 5,565 Digimarc shares during the Class Period.  *See* Aman Decl., **Exhibit B** (PSLRA certification) and **Exhibit C** (financial interest calculation).  Accordingly, it has a substantial financial interest in directing this litigation and recovering losses attributable to defendants' alleged violations of the federal securities laws.  To the best of counsel's knowledge,

there is no other plaintiff or movant with a larger financial interest.  Therefore, Diamond Head

Capital satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Diamond Head Capital Meets the Typicality and Adequacy Requirements of Rule 23

In addition to possessing a significant financial interest, a Lead Plaintiff must also

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15

U.S.C. §78u–4(a)(3)(B)(iii)(I)(cc).    Rule 23 requires that "the claims or defenses of the

representative parties are typical of the claims or defenses of the class; and [that] the representative

parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4);

*In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (focusing "in particular" on typicality and

adequacy at the lead plaintiff stage).  On a motion for appointment as Lead Plaintiff, a movant

needs only make a preliminary showing that the adequacy and typicality requirements have been

met.  *See Deinnocentis v. Dropbox, Inc*., No. 19-cv-06348-BLF, 2020 WL 264408, at *4 (N.D.

Cal. Jan. 16, 2020).  Here, Diamond Head Capital satisfies both requirements.

"The typicality requirement is satisfied when the putative lead plaintiff has suffered the

same injuries as absent class members as a result of the same conduct by the defendants."  *Felix v.

Symantec Corp.*, No. C 18-02902 WHA, 2018 WL 4029053, at *3 (N.D. Cal. Aug. 23, 2018).

Here, the claims that Diamond Head Capital asserts are typical of the claims of the other members

of the putative Class because, like all other Class members, Diamond Head Capital purchased

Digimarc stock during the Class Period in reliance on defendants' false and misleading

representations, and sustained monetary damages as a result.  Because the claims that Diamond

Head Capital asserts are based on the same legal theories and arise from the same event or course

of conduct that gives rise to the claims of other Class members, typicality is satisfied.  *Cannataro

v. Portland Gen. Elec. Co.*, No. 3:20-cv-1583-SI, 2020 WL 12800744, at *5 (D. Or. Nov. 10, 2020)

("[Movant] has claims typical of the claims of the class because it purchased [company] stock at prices that were allegedly artificially inflated by the alleged misconduct. The claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality.").

Rule 23's "adequacy" requirement is satisfied when the proposed class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This is established "by not having any apparent conflicts of interest with the class members and by timely moving to be appointed as lead plaintiff, timely filing the requisite certifications, and selecting qualified proposed lead and liaison counsel who appear to have the requisite skills, experience, and competence to prosecute the claims vigorously and efficiently in the best interests of the class." *Portland Gen. Elec. Co.*, 2020 WL 12800744, at \*5. Diamond Head Capital has no conflict with other Class members; its interests are aligned with the other members of the Class. In addition, because of Diamond Head Capital's substantial financial interest in this litigation, Class members can be assured it has the incentive to vigorously represent the Class's interests. *See* Aman Decl., **Exhibits B & C**. Further, as discussed herein, Diamond Head Capital has demonstrated its adequacy through this timely filing and its selection of highly qualified and experienced counsel. *See Portland Gen. Elec. Co.*, 2020 WL 12800744, at \*5 ("[Movant] satisfies the adequacy requirement by not having any apparent conflicts of interest with the class members and by timely moving to be appointed as lead plaintiff, timely filing the requisite certifications, and selecting qualified proposed lead and liaison counsel who appear to have the requisite skills, experience, and competence to prosecute the claims vigorously and efficiently in the best interests of the class."). Accordingly, Diamond Head Capital satisfies the adequacy requirement.[2]

---

[2] Diamond Head Capital—a sophisticated institutional investor—is precisely the type of investor Congress intended, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted

Because Diamond Head Capital has the largest financial interest in the action and has made a *prima facie* showing of typicality and adequacy, it should be appointed Lead Plaintiff.

**B.    THE COURT SHOULD APPROVE DIAMOND HEAD CAPITAL'S CHOICE OF LEAD COUNSEL**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[s]election of lead counsel").  Diamond Head Capital has selected Johnson Fistel to serve as lead counsel for the proposed Class.

Johnson Fistel, with offices in California, New York, Georgia, Colorado, and Idaho, is a leading investor and shareholder rights law firm that has earned a reputation for excellence and innovation in shareholder and complex litigation.  The firm and its attorneys have been appointed as lead counsel in shareholder litigation in both federal and state courts throughout the country and have successfully litigated numerous such cases on behalf of injured investors.  In fact, courts and clients alike have praised Johnson Fistel and its attorneys for their capabilities in complex cases such as the present case.  There can be little doubt that, as lead counsel, Johnson Fistel's extensive experience and track record of success in complex shareholder litigation like the present case, combined with its client-driven track record, will serve Lead Plaintiff and the Class well.  *See* https://www.johnsonfistel.com (describing Johnson Fistel's track record, resources, and attorneys) (hard copies will be provided upon request); *Zornberg v. NAPCO Sec. Techs., Inc.*, No. 23-CV-6465 (BMC), 2023 WL 12071593, at *2 (E.D.N.Y. Nov. 14, 2023) (Johnson Fistel found qualified

---

in 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *see also In re Calpine Corp. Sec. Litig.,* No. 02-cv-1200-SBA, 2004 WL 3316309, at *3 (N.D. Cal. Feb. 5, 2004) ("The PSLRA generally favors institutional investors over individual investors because institutional investors are presumed to be sophisticated, experienced in the securities business, and enjoy greater resources . . . .").

and appointed as co-lead counsel based upon its attorneys' qualifications and experience as set forth on the firm's website).

Thus, the Court can be assured that by approving Diamond Head Capital's choice of lead counsel, the putative Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Lead Plaintiff movant Diamond Head Capital respectfully requests that this Court enter an Order: (1) appointing it as Lead Plaintiff; (2) approving its selection of Johnson Fistel as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: July 7, 2025

**AMAN LAW, LLC**

*/s/      David S. Aman*
DAVID S. AMAN
14705 SW Millikan Way
Beaverton, Oregon 97003
Telephone: 503.810.0850
david@amanlawpdx.com

*Local Counsel*

**JOHNSON FISTEL, PLLP**
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470.632.6000
michaelf@johnsonfistel.com

JEFFREY A. BERENS
2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303.861.1764
jeffb@johnsonfistel.com

*Proposed Lead Counsel and Counsel for
Movant Diamond Head Capital
International Fund, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ David S. Aman*
DAVID S. AMAN
