**AMAN LAW, LLC**
DAVID S. AMAN
14705 SW Millikan Way
Beaverton, Oregon  97003
Telephone: 503.810.0850
david@amanlawpdx.com

*Local Counsel*

**JOHNSON FISTEL, PLLP**
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470.632.6000
michaelf@johnsonfistel.com

(Additional Counsel Listed on Signature Page)

*Proposed Lead Counsel and Counsel for Movant*
*Diamond Head Capital International Fund, L.P.*


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| FREDERICK ULLOM, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> DIGIMARC CORPORATION, RILEY MCCORMACK, and CHARLES BECK, <br><br> Defendant(s). | Case No. 3:25-cv-00779-JR <br><br> **DIAMOND HEAD CAPITAL INTERNATIONAL FUND, L.P.'s OPPOSITION TO MOTION OF FREDERICK ULLOM TO APPOINT LEAD PLAINTIFF** |

Movant Diamond Head Capital International Fund, L.P. ("Diamond Head Capital") respectfully submits this memorandum in further support of its motion for appointment as lead plaintiff (*see* ECF 24-25), and in opposition to Frederick Ullom's ("Mr. Ullom") motion for appointment. *See* ECF 21-23.

## I.      INTRODUCTION

On July 7, 2025, Diamond Head Capital and Mr. Ullom each filed motions seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Of the two, Diamond Head Capital is the "most adequate plaintiff" within the meaning of the PSLRA because it "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).  With estimated losses of approximately $140,000, Diamond Head Capital's financial interest is ***75% greater*** than that of Mr. Ullom who claims less than $80,000 in losses.  Diamond Head Capital also otherwise meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).   Indeed, Diamond Head Capital—a sophisticated institutional investor—is precisely the type of investor Congress intended, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation.

Accordingly, because Mr. Ullom lacks the largest financial interest and cannot prove that Diamond Head Capital is atypical or inadequate, his motion should be denied and Diamond Head Capital's motion granted.  The Court should also approve Diamond Head Capital's choice of Johnson Fistel PLLP as lead counsel for the putative class.

## II.      ARGUMENT

### A.      The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

As set forth by the Ninth Circuit, "[t]he 'most capable' plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as [it]

meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018). Once the preliminary showing is made and the presumption attaches, it can only be rebutted "upon proof" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("The statute requires proof that the presumptive lead plaintiff is not adequate.").[1] "The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732.

Because Diamond Head Capital holds the largest financial interest and otherwise satisfies Rule 23's typicality and adequacy requirements, it has satisfied the PSLRA's sequential review process, and it is therefore entitled to appointment as lead plaintiff.

**B.    Diamond Head Capital Has the Largest Financial Interest**

With a financial interest more than 75% greater than Mr. Ullom, there can be no legitimate dispute that Diamond Head Capital possesses the "largest financial interest" in this litigation:

| MOVANT | FINANCIAL INTEREST |
|---|---|
| Diamond Head Capital | $139,877 |
| Mr. Ullom | $79,606 |

---

[1] *See also Cavanaugh*, 306 F.3d at 732 (explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "more typical [] more adequate . . . [or] would do a better job").

*See Cannataro v. Portland Gen. Elec. Co.*, No. 3:20-cv-1583-SI, 2020 WL 12800744, at *5 n.5 (D. Or. Nov. 10, 2020) (observing that "[d]istrict courts have generally equated financial interest with actual economic losses suffered"); *Sigman v. NuScale Power Corp.*, No. 3:23-cv-01689-IM, 2024 WL 727253, at *4 (D. Or. Feb. 22, 2024) ("This Court adopts the monetary losses mode of calculation . . . that has been the primary mode of calculation in the District of Oregon.").

### C.    Diamond Head Capital Satisfies Rule 23's Typicality and Adequacy Requirements

Aside from possessing the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, Diamond Head Capital must also make a preliminary showing that it "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). There is no question that Diamond Head Capital fulfills this requirement.

Because Diamond Head Capital's claims are based on the same legal theories and arise from the same event or course of conduct that gives rise to the claims of other class members, typicality is satisfied. *See* ECF 24 at 7-8; *Portland Gen. Elec.*, 2020 WL 12800744, at *5. And Diamond Head Capital has amply demonstrated its adequacy by, among other things, selecting competent counsel and having its representative sign a sworn PSLRA certification stating that it is willing to serve as, and to assume the responsibilities of, a lead plaintiff. *See* ECF 24 at 8; ECF 25-2 & 25-3; *Portland Gen. Elec.*, 2020 WL 12800744, at *5 ("[Movant] satisfies the adequacy requirement by not having any apparent conflicts of interest with the class members and by timely moving to be appointed as lead plaintiff, timely filing the requisite certifications, and selecting qualified proposed lead and liaison counsel who appear to have the requisite skills, experience, and competence to prosecute the claims vigorously and efficiently in the best interests of the class."); *Cavanaugh*, 306 F.3d at 730 (for preliminary showing, court "must rely on the presumptive lead plaintiff's complaint and sworn certification"). Moreover, with estimated losses

of $140,000, Diamond Head Capital has a sufficient interest to ensure the vigorous prosecution of this litigation.  ECF 25-3.

In sum, having claimed a financial interest significantly larger than Mr. Ullom while also satisfying the typicality and adequacy requirements of Rule 23, Diamond Head Capital is the presumptive lead plaintiff.  *See also In re Calpine Corp. Sec. Litig.*, No. 02-cv-1200-SBA, 2004 WL 3316309, at *3 (N.D. Cal. Feb. 5, 2004) ("The PSLRA generally favors institutional investors over individual investors because institutional investors are presumed to be sophisticated, experienced in the securities business, and enjoy greater resources . . . .").  Because the PSLRA's presumption cannot be rebutted with the requisite proof, Diamond Head Capital's motion for appointment as lead plaintiff and approval of counsel should be granted, and Mr. Ullom's motion should be denied.

## III.    CONCLUSION

For these reasons, Diamond Head Capital respectfully requests that this Court enter an Order: (1) appointing it as lead plaintiff; (2) approving its selection of Johnson Fistel PLLP as lead counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: July 21, 2025

**AMAN LAW, LLC**

*/s/      David S. Aman*
DAVID S. AMAN
14705 SW Millikan Way
Beaverton, Oregon 97003
Telephone: 503.810.0850
david@amanlawpdx.com

*Local Counsel*

**JOHNSON FISTEL, PLLP**
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470.632.6000
michaelf@johnsonfistel.com

JEFFREY A. BERENS
2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303.861.1764
jeffb@johnsonfistel.com

*Proposed Lead Counsel and Counsel for*
*Movant Diamond Head Capital*
*International Fund, L.P.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ David S. Aman
DAVID S. AMAN